UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| DEGELMAN INDUSTRIES, LTD, | : | |
| Plaintiff, | : | Civil Action No. 06-CV-6346 |
| | : | |
| v. | : | |
| | : | |
| | : | **REPORT AND** |
| PRO-TECH WELDING AND | : | **RECOMMENDATION ON** |
| FABRICATION, INC. and | : | **MOTION TO STRIKE THE** |
| MICHAEL P. WEAGLEY, | : | **AFFIDAVIT OF LESLIE CRAIG** |
| Defendants. | : | |

## I.  INTRODUCTION

Pursuant to the Court's Order of August 11, 2010 [Dkt. No. 118], the undersigned was appointed Special Master to, *inter alia*, issue a Report and Recommendation on the Motion [Dkt. No. 97] of the plaintiff Degelman Industries, Ltd. ("Plaintiff") to strike the Affidavit of Leslie Craig [Dkt. No. 91-3] with exhibit filed by the defendants, Pro-Tech Welding & Fabrication, Inc. ("Pro-Tech") and Michael P. Weagley (collectively "Defendants") in support of Defendants' opposition to Plaintiff's motion for partial summary judgment.

Having considered the parties' respective submissions and conducted oral argument on November 18, 2010, the following constitutes my Report and Recommendation regarding the issues presented in Plaintiff's Motion.

## II.  BACKGROUND

Plaintiff brought this action accusing Defendants of infringing Plaintiff's utility patent U.S. Patent No. 6,845,576 entitled "Materials Moving Blade" ("the '576 Patent") and design patents U.S. Patent Nos. D478,097 ("the D'097 Patent"), D519,128 ("the D'128 Patent"), and

1

D519,129 ("the D'129 Patent"), each entitled "Snow Moving Apparatus" (collectively the "Design Patents").  Plaintiff moved for partial summary judgment on the ground that the Design Patents were infringed by snow pusher products manufactured and sold by Defendants.[1]  In its moving brief, Plaintiff argued that the prior art did not alter the infringement analysis of the Design Patents under *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008), in part because Defendants had failed to establish that the so-called "Orsolini/Daniels" plow was prior art under the public-use provision of 35 U.S.C. § 102(b).  Under *Egyptian Goddess*, "[w]here there are many examples of similar prior art designs …, differences between the claimed and accused designs that might not be noticeable in the abstract can become significant to the hypothetical ordinary observer who is conversant with the prior art." *Id.* at 678.  Thus, it is beneficial to Plaintiff's infringement analysis if there are fewer examples of similar prior art designs.  The Federal Circuit explained that although "the burden of proof as to infringement remains on the patentee," the burden of production of comparison to the prior art is on the accused infringer "if the accused infringer elects to rely on the comparison prior art as part of its defense against the claim of infringement."[2] *Id.*

Defendants opposed Plaintiff's partial summary judgment motion by asserting that sufficient evidence was already of record to corroborate the Orsolini/Daniels plow as prior art.  Defendants submitted, for the first time, the Craig Affidavit as additional proof that this plow was in fact used in public.  In his Affidavit, Mr. Craig stated that he observed the

---

[1] During the oral argument, Plaintiff withdrew its summary judgment motion as to one of the accused products known as the ALB Angle Model.  [Hr'g Tr. 4:17-5:5.]

[2] Plaintiff asserts that this burden is one of clear and convincing evidence, whereas Defendants disagree.  Resolution of this dispute is not required to decide Plaintiff's Motion to Strike.

Orsolini/Daniels plow in public use as early as 1978, and that the plow included wedge-shaped gussets.

Plaintiff moves to strike the Craig Affidavit pursuant to Fed. R. Civ. P. 37(c)(1) because Defendants did not identify Mr. Craig in their Rule 26(a) initial disclosures or in their Rule 26(e)(1) supplemental discovery responses.[3]  [Dkt. No. 97-3, Pl.'s Mov. Br., 2.]

### III.   ANALYSIS

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires a party to provide certain initial disclosures automatically, without receiving a discovery request.  These initial disclosures must include, *inter alia*, the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses.  Fed. R. Civ. P. 26(a)(1)(A).  In addition to identifying the source of such information, the disclosing party must also identify the subject of the information it may use in support of its case.  *Id*.  "The purpose of this disclosure is to alert an opposing party of the need to take discovery of the named witness."  *Pal v. New York Univ.*, No. 06 Civ. 5892, 2008 U.S. Dist. LEXIS 52620 *10, 2008 WL 2627614 *4 (S.D.N.Y. July 10, 2008) (granting motion to strike); *accord Alfano v. National Geographic Channel*, No. CV 06-3511, 2007 U.S. Dist. LEXIS 74674 *4-5, 2007 WL 2982757 *1 (S.D.N.Y. Oct. 5, 2007) (precluding late-identified witness from testifying at trial, stating that plaintiff's mere mention of a witness during his deposition was "patently insufficient" to alert the defendants that plaintiff might call the witness to testify at trial).  Rule 26 further requires that a party supplement its initial disclosures

---

[3] The parties attempted to resolve this issue through a conference call, and numerous follow-up communications, but were unable to come to an agreement.  [Dkt. No. 97-2, Oropallo Decl. ¶¶ 3-9.]

throughout the course of litigation whenever it learns that the information originally provided is incomplete or incorrect. Fed. R. Civ. P. 26(e)(1).

Defendants do not dispute that they failed to comply with Rule 26(a)(1)(A) and 26(e)(1). [Dkt. No. 104, Defs.' Opp'n, 2 ("Defendants concede that Craig was not included in its Fed. R. Civ. P. 26 disclosures ….").] Defendants' initial disclosures did not list Mr. Craig as a witness, no supplemental disclosures regarding Mr. Craig were served during discovery, and Defendants first placed Plaintiff on notice of Mr. Craig when they filed the Craig Affidavit in support of their opposition to Plaintiff's motion for partial summary judgment. Defendants argue that Plaintiff knew the identity of Mr. Craig because his name was mentioned during a deposition.[4] This argument misses the point. Plaintiff's knowledge of the existence of a potential witness does not satisfy the Rule 26(a)(1)(A) disclosure obligation; that obligation is fulfilled only when Defendants inform Plaintiff that they might call the witness in support of their claims or defenses. *Alfano*, 2007 WL 2982757 at *1. Defendants' late disclosure of the Craig Affidavit did not provide Plaintiff with fair warning it needed to take Mr. Craig's deposition or to adapt their partial summary judgment moving brief to account for Mr. Craig.

Rule 37 of the Federal Rules of Civil Procedure provides that a party that fails to identify a witness under Rule 26(a) or 26(e)(1) is not permitted to rely on the testimony of such witness "unless the failure was substantially justified or is harmless."[5] Thus, I must now consider

---

[4]The same deposition transcript was suppressed pursuant to a motion filed by Defendants. [*See* Dkt. No. 109, Pl.'s Reply Memo, 4.]

[5]Plaintiff advances a different standard by citing to *Ward v. The National Geographic Soc'y*, No. 99 Civ. 12385, 2002 U.S. Dist. LEXIS 310 *8, 2002 WL 27777 *1 n.3 (S.D.N.Y. Jan. 11, 2002) (citation omitted) and *Sterling v. Interlake Inds., Inc.*, 154 F.R.D. 579, 586 (E.D.N.Y. 1995) for the proposition that "refusing to admit evidence that was not disclosed in discovery is a drastic remedy, courts will resort to preclusion only in those rare cases where a

whether Defendants' failure to comply with Rule 26(a) and Rule 26(e)(1) was either substantially justified or harmless. *Haas v. Delaware & Hudson Ry. Co.*, 282 Fed. Appx. 84, 85-86 (2d Cir. 2008). A decision to preclude evidence under Rule 37 is within the discretion of the Court. *Id*.

In applying Rule 37(c)(1), the following factors should be considered: (1) the party's explanation for its failure to comply with Fed. R. Civ. P. 26; (2) the importance of testimony of the precluded witness; (3) the prejudice suffered by the opposing party of having to prepare to meet the new testimony; and (4) the possibility of a continuance. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006); *Haas*, 282 Fed. Appx. at 86. I consider each factor below.

1. <u>Defendants' explanation for the late disclosure</u>

Defendants present no evidence that they lacked the ability to make their Rule 26 disclosures with respect to Mr. Craig. *See Pal*, 2008 U.S. Dist. LEXIS 52620 at *11. Further, Defendants attempt to excuse the late disclosure of the Craig Affidavit on the ground that they did not anticipate Plaintiff's challenge to the Orsolini/Daniels evidence. That excuse is not persuasive. Incorrect assumptions as to how opposing counsel might choose to try its case do not excuse or justify one's failure to comply with the Federal Rules of Civil Procedure. Defendants should not claim surprise that Plaintiff might challenge 30-year old evidence

---

party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure." However, in *Ward*, the court noted that the "self-executing sanction" of Rule 37(c)(1) did not apply because the action was initiated in 1999, before the initial disclosure requirements of Rule 26(a)(1) became effective on December 1, 2000. *Sterling* was also filed (and decided) before Rule 37(c)(1) went into effect. Further, as explained in *Pal*, "Rule 37(c)(1) does not require a movant to show bad faith on the part of the offending party." 2008 WL 227614 at *3; *see also Haas v. Delaware & Hudson Ry. Co.*, No. 1:04-CV-1503, 2007 WL 766324 *3 (N.D.N.Y. Mar. 8, 2007), *aff'd*, 282 Fed. Appx. 84 (2d Cir. 2008) (rejecting bad faith requirement).

intended to invalidate the patents-in-suit, especially given that Plaintiff denied Defendants' counterclaim of patent invalidity.

Accordingly, this factor weighs in favor of granting Plaintiff's Motion to Strike and precluding the testimony of the witness.

2. The importance of the precluded testimony

Defendants submitted the Craig Affidavit in response to Plaintiff's motion for partial summary judgment of infringement. As explained above, under *Egyptian Goddess*, the existence of many examples of prior art designs similar to the claimed design can make "differences between the claimed and accused designs that might not be noticeable in the abstract … significant to the hypothetical ordinary observer who is conversant with the prior art." *Id.*, 543 F.3d at 678. The Craig Affidavit was submitted for the purpose of increasing the pool of similar prior art designs, and thus make minor differences between the claimed and accused designs more "significant" in the application of the ordinary observer test.

For reasons explained in a separate Report and Recommendation, Plaintiff's motion for partial summary judgment of infringement has been recommended to be denied for reasons unrelated to the Craig Affidavit. Accordingly, irrespective of whether Plaintiff's Motion to strike is granted or denied, Plaintiff has been denied partial summary judgment of infringement. Thus, the Craig Affidavit is not important to Defendants' opposition of the partial summary judgment motion, and this factor weighs in favor of granting Plaintiff's Motion.

3. Prejudice to Plaintiff

Defendants argue that Plaintiff was aware of Mr. Craig because "Mr. Craig was identified at a deposition conducted by Degelman's counsel." [Dkt. No. 104, Defs.' Opp'n, 5, 13.] Specifically, Defendants point to the first deposition of Greg Daniels taken on November 12,

2007. [*Id.* at 5.] According to Defendant, "it is appropriate to invoke Rule 37's harmless error provision, as the plaintiff is not being subjected to trial by ambush." [*Id.* at 13-14.]

In *Alfano*, the court held that the "mere mention" of a name during a deposition was "patently insufficient to alert the [opposing party] to the salient point" that the person named might be called as a witness. 2007 WL 2982757 at *1. As explained in *Pal*,

> [i]f the Court were to permit these untimely disclosures, it would have to reopen discovery to afford Pal an opportunity to depose some or all of the additional witnesses…. Finally, the reopening of previously-closed discovery proceedings would result in additional litigation expenses for Pal.

*Pal*, 2008 WL 2627614 at *4.

Defendants cite *Lore v. City of Syracuse,* No. 5:00-CV-1833, 2005 U.S. Dist. LEXIS 30328 *6, 2005 WL 3095506 *4 (N.D.N.Y. Nov. 17, 2005) for the proposition that there is little prejudice when the witness was known during the discovery process. In *Lore*, the court explained that prejudice was not a factor because the plaintiff had "not pointed to any prejudice that she suffered as a result of the late supplemental report proffered by defendants' expert." *Id.* at *4. Here, Plaintiff has identified evidence of possible prejudice. [Dkt. No. 97-3, 9.]

There, this factor weighs in favor of granting Plaintiff's Motion.

4.  The possibility of a continuance

Defendants argue that "Craig is not being introduced on the eve of trial," and attempts to distinguish *Alfano* on this basis. [Defs.' Opp'n, 4.] This argument is not persuasive and again misses the point. Plaintiff's motion is to strike the Craig Affidavit as it pertains to Plaintiff's motion for partial summary judgment of infringement. Dispositive motions have been prepared based on the evidence in the record. Plaintiff potentially would have to recast its summary judgment motion based on any newly discovery evidence. Surely, the opening of previously-

closed discovery proceedings for the specific purpose of allowing Plaintiff to conduct discovery for supporting its reply to the Craig Affidavit would complicate matters and delay resolution of the dispositive motions.[6]

Accordingly, this factor weighs in favor of precluding Mr. Craig's testimony.

### IV.  CONCLUSION

Attempting to cure a defect in the case or present new evidence after the close of discovery is not a justified reason.  Defendants present no evidence that they lacked the ability to make their Rule 26(a)(1)(A) disclosures or supplement their discovery responses to identify Mr. Craig.  Under these circumstances, Defendants' delay in disclosing the witness has not been shown to be substantially justified.  Nor can Defendants failing be considered harmless.  If the Court were to permit the untimely disclosure of the Craig Affidavit, it would have to reopen discovery to afford Plaintiff an opportunity to depose additional witnesses and recast its partial summary judgment motion based on any newly discovery evidence.

For these reasons, it is my recommendation that the Court strike the Craig Affidavit and its exhibits.

Respectfully submitted,

*[signature]*

Joseph W. Berenato, III
Special Master

---

[6] *Alfano* might be distinguishable on this ground if Defendants had attempted to obtain a continuance for the limited purpose of adding Mr. Craig to its discovery disclosures so that Mr. Craig may be called at trial.  But it is too late to introduce Mr. Craig's testimony for the purpose of opposing Plaintiff's partial summary judgment motion.  That is not to say that Defendants are to be precluded from seeking relief from the Court sufficient to permit Mr. Craig to testify.

June __, 2011