**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

——————————————————————
                                          :
DEGELMAN INDUSTRIES, LTD,                  :
                        Plaintiff,         :          Civil Action No. 06-CV-6346
                                          :
          v.                               :
                                          :
                                          :          **REPORT AND**
PRO-TECH WELDING AND                       :          **RECOMMENDATION ON**
FABRICATION, INC. and                      :          **MOTION TO STRIKE THE**
MICHAEL P. WEAGLEY,                        :          **AFFIDAVIT OF MICHAEL P.**
                        Defendants.        :          **WEAGLEY**
——————————————————————:


## I.      INTRODUCTION

Pursuant to the Court's Order of August 11, 2010 [Dkt. No. 118], the undersigned was appointed Special Master to, *inter alia*, issue a Report and Recommendation on the Motion [Dkt. No. 97] of the plaintiff Degelman Industries, Ltd. ("Plaintiff") to strike the Affidavit of Michael P. Weagley ("Mr. Weagley") [Dkt. No. 91-3] with exhibit filed by the defendants, Pro-Tech Welding & Fabrication, Inc. ("Pro-Tech") and Mr. Weagley (collectively "Defendants") in support of Defendants' opposition to Plaintiff's motion for partial summary judgment.

Having considered the parties' respective submissions and conducted oral argument on November 18, 2010, the following constitutes my Report and Recommendation regarding the issues presented in Plaintiff's Motion.

## II.      BACKGROUND

Plaintiff brought this action accusing Defendants of infringing Plaintiff's utility patent U.S. Patent No. 6,845,576 entitled "Materials Moving Blade" ("the '576 Patent") and design patents U.S. Patent Nos. D478,097, D519,128, and D519,129, each entitled "Snow Moving

1

Apparatus" (collectively the "Design Patents").  Plaintiff moved for partial summary judgment on the ground that the Design Patents were infringed by snow pusher products manufactured and sold by Defendants.[1]

Defendants moved for partial summary judgment of non-infringement and invalidity. Defendants submitted Mr. Weagley's Affidavit in support of their partial summary judgment motion.  Mr. Weagley is a named defendant and the president of Pro-Tech.  [Weagley Decl. ¶ 1]. Plaintiff moves to strike paragraphs 6, 8-11, 15, 17-21, 25, 28, 32, 33, and 36 of the Weagley Affidavit.

## III.      ANALYSIS

### A.      Paragraphs 6, 8-11, 15, 17-21, 25, 28, 32, 33, 36, and 39

Plaintiff moves to strike paragraphs 6, 8-11, 15, 17-21, 25, 28, 32, 33, 36, and 39 of the Weagley Affidavit on the ground that they "contain instances of hearsay, speculation, and opinion evidence."  [Dkt. No. 97-3, Pl.'s Mov. Br., 9.]  Plaintiff asserts that the Weagley Affidavit fails to comply with the Rule 56(e) requirement that affidavits must be made on personal knowledge and contain admissible evidence, not hearsay.  Plaintiff cites *Wahad v. Fed. Bureau of Investigation*, 179 F.R.D. 429, 435 (S.D.N.Y. 1998) and *Bruchman v. Standard Chartered Bank*, 997 F. Supp. 481, 487 (S.D.N.Y. 1998).

A defendant's affidavit is admissible if it concerns "his own beliefs and recollections about the nature and activities of the individual."  *Tota v. Abdella*, No. 06-CV-636S, 2009 U.S. Dist. LEXIS 63704 *5, 2009 WL 2226426 *2 (W.D.N.Y. July 24, 2009).  Paragraph 6 of the Weagley Affidavit sets forth Mr. Weagley's recollection of a Northeast Paving pusher based on

---

[1]During the oral argument, Plaintiff withdrew its summary judgment motion as to one of the accused products known as the ALB Angle Model.  [Hr'g Tr. 4:17-5:5.]

his personal experience in repairing and modifying the pusher.[2]   The absence of other evidence to corroborate Mr. Weagley's recollection goes towards the weight to be accorded to his Affidavit, not its admissibility.   Mr. Weagley's recollection concerning the RCS plow in paragraph 33 of his Affidavit is admissible on the same ground.[3]   As Defendants point out, paragraph 33 refers to the brochure (Exhibit 10) to explain Mr. Weagley's state of mind with respect to his motivation to develop an alternative design.[4]   With respect to paragraph 39, Mr. Weagley points to, among other things, deposition testimony of Mr. Orsolini and Mr. Daniels to support his opinions, which are also admissible for reasons explained below in Section III.B.[5]

Plaintiff challenges the admissibility of paragraphs 15, 18, 19, and 33 of the Weagley Affidavit on the grounds that they contain speculative statements about Defendants' litigation with RCS and insinuate that RCS was found liable in that litigation.   I disagree.   Footnote 3 of paragraph 15 of the Affidavit clearly states the bankruptcy court's finding that claims of misappropriation of trade secrets, conversion, defamation and unfair competitions involved in

---

[2]Paragraph 6 reads in pertinent part as follows:   "Pro-Tech began fabrication of these pushers after I had several jobs repairing or modifying other custom built pushers for two customers, Northeast Paving and Western Concrete.   One such pusher, built by Charles Brucato of Northeast Paving, featured a curved plow blade or mold board …."

[3]Paragraph 33 reads in pertinent part as follows:   When RCS began competing with a two-post design and made this alleged improvement a prominent part of its advertising campaign, we took special note.   The brochure distributed by RCS [is attached as Exhibit 10]."

[4]It is important to note that Defendants rely upon these prior products not as invalidating prior art but to support the explanation surrounding the development of the accused products.

[5] Paragraph 39 reads in pertinent part as follows:   "I now know that another manufacturer of snowplows and snow removal equipment, Daniels Pull Plow, also incorporated a wedge-shaped gusset into the design of one of its containment plows …."   I have seen the drawings of the pull plow [and] reviewed the transcript of the depositions of both Mr. Orsolini and Mr. Daniels …."

that litigation were non-dischargeable in bankruptcy.  There is no misleading insinuation as to the findings of the bankruptcy court in Mr. Weagley's Affidavit.  I understand the differences between findings of liability and non-dischargeability, and am confident that the Court does as well.  Moreover, as Defendants point out in their opposition, the Order issued by the bankruptcy court includes specific findings that misappropriation, conversion, tortuous interference with prospective advantage, defamation, and unfair competition "ha[d] been proven to the satisfaction of the Court."  [Case No. 2-07-02077-JCN, Dec. 35].  The Order further states that Pro-Tech was "free to use the finding of liability contained [in the Order] to prove up its damages, if any, in the State Court Action resulting from (1) the Debtor's misappropriation and/or use of Pro-Tech's Goldmine database and/or (2) the Debtor's disparaging remarks about Pro-Tech."

Finally, Plaintiff lists paragraphs 8-11, 17, 20, 21, 32, and 36 as objectionable at page 12 of its moving brief, but does not otherwise specify its grievances with these paragraphs.  I find that the statements made in these paragraphs reflect Mr. Weagley's beliefs and recollections, and are admissible for the reasons stated above.

### B.    Paragraphs 24, 25, 27-30, 39, and 40

Plaintiff challenges paragraphs 24, 25, 27-30, 39, and 40 of the Weagley Affidavit on the ground that they attempt to introduce expert opinions as to patentability without identifying Mr. Weagley as an expert, qualifying him as an expert, or producing an expert report under Rule 26(a)(2) of the Federal Rules of Civil Procedure.

Because Mr. Weagley is a party to this action and has requisite specialized knowledge, he may testify as to the facts or opinions that are rationally based on his perception and his opinion is admissible.  *Aspex Eyewear, Inc. v. Altair Eyewear, Inc.*, 485 F. Supp. 2d 310, 320-21 (S.D.N.Y. 2007), *aff'd in part, rev'd in part on other grounds, and remanded*, 288 Fed. Appx.

697 (Fed. Cir. 2008).

Plaintiff's "bias" argument is not persuasive.  Specifically, Plaintiff asserts that Mr. Weagley "clearly has an interest in this litigation because he is a named defendant, thereby making his opinions … inherently unreliable."  [Dkt. No. 97-3, Pl.'s Mov. Br., 12.]  "While the opinion testimony of a party having a direct interest in the pending litigation is less persuasive than opinion testimony by a disinterested party, it cannot be disregarded for that reason alone and may be relied upon when sufficiently convincing."  *Ashland Oil, Inc. v. Delta Resins & Refractories, Inc.*, 776 F.2d 281, 294 (Fed. Cir. 1985), *cert. denied*, 475 U.S. 1017 (1986).

Finally, Plaintiff asserted that the opinions set forth in Mr. Weagley's Affidavit are inconsistent with his deposition testimony.  [Dkt. No. 97-3, Pl.'s Mov. Br., 3], but failed to provide any specific examples of conflicting testimony.  Even if Plaintiff had identified any contradictions between Mr. Weagley's Affidavit and his deposition testimony, they would go "to the weight such testimony should be accorded, not to whether it is admissible or should be considered by th[e] Court.  *Aspex Eyewear*, 485 F. Supp. 2d at 320.

### IV.   CONCLUSION

For these reasons, it is my recommendation that the Court deny Plaintiff's Motion to Strike the Weagley Affidavit.

Respectfully submitted,

Joseph W. Berenato, III
Special Master

June 7, 2011